UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NICHOLAS CLAXTON,

   Petitioner,

v.

CHRISTINE BRANNON,

   Respondent.

No. 18 CV 2938

Judge Manish S. Shah

## MEMORANDUM OPINION AND ORDER

A jury in the Circuit Court of Cook County, Illinois, convicted Nicholas Claxton of unlawful use of a weapon by a felon. His felon status was based on a 2011 conviction for aggravated unlawful use of a weapon. *People v. Claxton*, 2017 IL App (1st) 132681-UB, ¶¶ 2–4, 2017 WL 3994664, at *1 (1st Dist. 2017).[1] But that predicate was based on an unconstitutional statute—one that violated the Second Amendment. *Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012); *People v. Aguilar*, 2013 IL 112116, ¶ 1, 2 N.E.3d 321, 323 (2013); *People v. Burns*, 2015 IL 117387, ¶ 25, 79 N.E.3d 159, 164 (2015). Nevertheless, the state court affirmed Claxton's conviction and sentence, because it concluded that his invalid prior conviction was still a valid predicate felony for the unlawful use of a weapon by a felon. *Claxton*, 2017 IL App (1st) 132681-UB, ¶¶ 2–4. Following the Illinois Supreme Court's then-binding

---

[1] The Illinois appellate court decision affirming Claxton's conviction is the last reasoned state-court decision on the merits of Claxton's claim and that decision is under review for federal habeas corpus relief. *See Wilson v. Sellers*, 138 S.Ct. 1188, 1192 (2018).

decision in *People v. McFadden*, 2016 IL 117424, ¶¶ 30–34, 61 N.E.3d 74, 83–84 (2016), the court held that since Claxton's prior conviction had not been invalidated or expunged at the time of his subsequent possession of a firearm, his conviction was lawful. *Claxton*, 2017 IL App (1st) 132681-UB, ¶ 16. After the Illinois appellate court decision in Claxton's case, the Illinois Supreme Court overruled *McFadden*. *In re N.G.*, 2018 IL 121939, ¶ 84 (an aggravated unlawful use of a weapon conviction was null and void and could not be used as a predicate conviction for a determination of "unfit person" under 750 ILCS 50/1(D)(i)).

Claxton now seeks federal habeas corpus relief. 28 U.S.C. § 2254. His petition is timely, and the state offers no procedural defenses. *See* [21] at 4–5.[2] Only errors of federal law are cognizable in a § 2254 proceeding. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Whether the felon-status element of unlawful use of a weapon by a felon may be proven by the fact of a then-valid conviction on a later voided statute is a state-law question. *See McFadden*, 2016 IL 117424, ¶¶ 26–30 (discussing the predicate felony question as one of statutory interpretation). Such questions are "beyond the reach of a federal court on collateral attack." *Bates v. McCaughtry*, 934 F.2d 99, 103 (7th Cir. 1991).

Claxton argues that the federal constitution prohibits using a void conviction to punish him. But even when framed as a constitutional issue, federal habeas review is narrow. A federal court may grant habeas relief after a state-court adjudication on the merits only when that decision was contrary to, or involved an

---

[2] Bracketed numbers refer to entries on the district court docket.

unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1); *Schmidt v. Foster*, 911 F.3d 469, 476–77 (7th Cir. 2018). "A state-court decision can be a reasonable application of Supreme Court precedent even if, in [the federal court's] judgment, it is an incorrect application." *Schmidt*, 911 F.3d at 477. "Only when a state-court decision is so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement does it constitute an unreasonable application of clearly established law." *Id.* (quotation omitted). Put another way, if the United States Supreme Court has never addressed a case like this one—factually or legally—the state-court decision was not unreasonable. *Id.*

The United States Supreme Court has not announced a constitutional rule prohibiting Claxton's conviction. The closest the Court has come to addressing a case like this was *Lewis v. United States*, 445 U.S. 55 (1980). The Court held that the federal statutory prohibition on firearm possession by felons can be based on a felony conviction that "ultimately might turn out to be invalid for any reason." *Lewis v. United States*, 445 U.S. 55, 62 (1980). To avoid the federal prohibition, a felon must "clear his status *before* obtaining a firearm." *Id.* at 64 (emphasis in original). The Court said there was no constitutional issue with its statutory interpretation, even though in earlier cases it held that the Sixth Amendment prohibited the use of uncounseled prior convictions (the same defect in *Lewis*) to support guilt or enhance punishment for another offense. *Id.* at 65–67; *see Burgett v. Texas*, 389 U.S. 109, 115

(1967). More recently, the court of appeals identified no constitutional issue with the federal criminal prohibition on firearm possession by felons when the felony status is based on the same void law at issue here. *United States v. Thompson*, 901 F.3d 785, 787 (7th Cir. 2018). Without a clear holding from the United States Supreme Court, federal habeas relief is not available to Claxton.

The Court has not been entirely silent. Cases like *Burgett* indicate that there can be constitutional problems with using void convictions in later proceedings. But the level of specificity is important on habeas review. In *Burgett* and other post-*Gideon* cases, the Court expressed concern about Sixth Amendment violations carrying forward when uncounseled convictions are used in certain proceedings. *See United States v. Bryant*, 136 S.Ct. 1954, 1962 (2016). No Supreme Court decision announces a similar concern for the collateral effect of Second Amendment violations, and the scope of the individual right to bear arms remains a matter of debate at the Court. *See Silvester v. Becerra*, 138 S.Ct. 945 (2018) (Thomas, J., dissenting) ("[T]he Second Amendment is a disfavored right in this Court."). At a higher level of generality, long ago the Court held that an unconstitutional conviction "cannot be a legal cause of imprisonment." *Ex parte Siebold*, 100 U.S. 371, 377 (1879). *Siebold* was about the direct or continued enforcement of an unconstitutional conviction, not its later use in a different prosecution for a different offense, so it does not supply a clearly established rule of decision applicable here. In *Montgomery v. Louisiana*, 136 S.Ct. 718, 731 (2016), the Court said that states cannot "enforce punishments the Constitution forbids. To conclude otherwise would undercut the

4

Constitution's substantive guarantees." But like *Siebold*, *Montgomery* was about the validity of the original unconstitutional punishment, not collateral consequences. *Montgomery* does not warrant federal habeas relief for Claxton.

The Illinois Supreme Court relied on *Montgomery* when it overruled *McFadden*. *In re N.G.*, 2018 IL 121939, ¶ 67. This was an extension of *Montgomery*, one that in my view was not clearly required. *See id.* ¶ 139 (Theis, J., dissenting) (describing *Montgomery* as "inapt here"). The Illinois Supreme Court's decision in *In re N.G.*, does, however, demonstrate that the applicability of the United States Supreme Court's general statements in *Siebold* and *Montgomery* is debatable. Although I conclude that these statements do not meet the specificity required by § 2254(d)(1), a certificate of appealability should issue. Claxton has made a substantial showing of the denial of a constitutional right, because one legal cause of the judgment under review was an unconstitutional conviction, and jurists could reasonably debate whether existing Supreme Court precedent invalidates that judgment. *See* Rule 11 of the Rules Governing Section 2254 Cases; 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The court grants a certificate of appealability on the question of whether a state-law conviction for unlawful use of a weapon by a felon violates clearly established federal law when the predicate felony is based on a statute later found to be unconstitutional.

The Clerk shall enter judgment in favor of respondent. Any notice of appeal must be filed within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A).

Claxton does not have in forma pauperis status in this court because he paid the initial $5 filing fee. If Claxton seeks leave to proceed in forma pauperis on appeal, he must file a motion for leave to proceed in forma pauperis in this court. Fed. R. App. P. 24(a)(1).

ENTER:

Date: January 23, 2019

Manish S. Shah
United States District Judge